UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>BRANDON ALLEN FOXX,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-58-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Brandon Allen Foxx's Unopposed Motion to Continue Trial and Related Deadlines [Doc. 16], which was filed on September 4, 2026.

Defendant Foxx asks the Court to continue all deadlines and the trial in this matter [*Id.*]. Defendant states his counsel continues to investigate issues related to the case [*Id.* ¶ 1]. Although defense counsel engaged in plea negotiations, Defendant states it is unknown whether the case will be resolved by a plea, and additional time is necessary to fully explore the issues and confer with Defendant [*Id.*]. Defendant explains that a continuance allows the parties an opportunity to make a full resolution of the case and will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and the Defendant in a speedy trial [*Id.* ¶ 2].

Defendant understands his speedy trial rights and that the period of time between the filing of his motion and a rescheduled trial date is fully excludable for speedy trial purposes [*Id.* ¶ 3]. Defendant also states that the Government does not object to the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion, and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to investigate and discuss the issues with Defendant and attempt to resolve the case or otherwise prepare for trial. The Court finds that this cannot occur before the October 6, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial and Related Dates [**Doc. 16**]. The trial date is reset to **January 19, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 4, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Trial and Related Dates [**Doc. 16**] is **GRANTED**;

(2) the trial date is reset to commence on **January 19, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 4, 2026**, and the new trial date of **January 19, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 21, 2026**;

(5) the deadline for filing motions *in limine* is **January 4, 2027**, and responses to motions *in limine* are due on or before **January 11, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 5, 2027, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 8, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge